Filed 11/7/13  P. v. Rickard CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHARLES FRANK RICKARD,<br><br>        Defendant and Appellant. | A137215<br><br>(Del Norte County<br>Super. Ct. No. CRF12-9394) |

Charles Frank Rickard entered a negotiated guilty plea to one count of possession for sale of heroin (Health & Saf. Code, § 11351),[1] one count of possession for sale of ecstasy (§ 11378), and one count of maintaining a place for selling or using controlled substances (§ 11366).  A stipulated term of the plea agreement was that Rickard would be sentenced to a prison term of two years on each count, to be served concurrently.  The trial court imposed the agreed term of imprisonment, but also imposed a $10,000 fine, pursuant to section 11352.5, and ordered Rickard to pay $500 in attorney fees, pursuant to Government Code section 27712 and Penal Code section 987.8.  Rickard appeals, challenging the sentence insofar as it imposed the section 11352.5 fine and ordered the reimbursement of attorney fees.  We conclude that the attorney fees order must be reversed and that the section 11352.5 fine must be stricken.

---

[1] Unless otherwise noted, all further statutory references are to the Health and Safety Code.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

According to the presentence report, on February 16, 2012, law enforcement executed a search warrant at Rickard's residence. They found various drugs, including heroin and methylenedioxymethamphetamine (MDMA or ecstasy), as well as hypodermic needles, methamphetamine pipes, digital scales, razor blades, zip lock baggies, pay/owe sheets, and $1,470 in cash.

Rickard was charged, by complaint, with possession for sale of heroin (§ 11351; count 1), possession for sale of oxycodone (§ 11351; count 2), possession for sale of ecstasy (§ 11378; count 3), possession of heroin (§ 11350; count 4), possession of ecstasy (§ 11377; count 5), and maintaining a place for unlawfully selling or using controlled substances (§ 11366; count 6). No enhancement allegations based on the amount of drugs involved were included in the complaint.

At his arraignment, Rickard pleaded not guilty. However, he later changed his plea, pursuant to a negotiated disposition, and pleaded guilty to counts 1, 3, and 6. Rickard's signed plea declaration provided: "I understand in addition to incarceration I could receive . . . the following penalties and consequences: [¶] a. A fine up to $10,000 plus penalty assessment. [¶] . . . [¶] h. I will be required to make restitution to any victim. [¶] . . . [¶] Bargain as Follows: Defendant to plead to Count 1 and Count 3 [*sic*], balance dismissed. Defendant to serve a term of 2 years, each count, concurrent to each other. [¶] . . . I understand that the Court will not decide whether to accept a plea or sentence bargain or to impose sentence or extend probation until a Probation Officer makes an investigation and reports on my background, prior record (if any) and the circumstances of the case. [¶] . . . [¶] . . . I understand that my plea bargain will be reviewed by the judge who will be sentencing me. I further understand that that judge will have the power to refuse to accept my bargain, but, if he should refuse, I have the right to withdraw my plea."

On September 18, 2012, the Honorable Carl Bryan II accepted Rickard's plea, referred the matter to probation for a presentence investigation and report, took an

*Arbuckle* waiver,[2] and continued the matter for sentencing.  The prosecutor stated:  "For the record I just ask it reflect the indicated term is two years.  And as part of the conditions, [Rickard] is forfeiting all his money and items seized."  Defense counsel responded:  "Those items deemed to be part of his criminal activity would be forfeitable."  Judge Bryan stated:  "All right.  That will be the order."

In advance of sentencing, the probation department prepared its presentence report, which provided:  "Given all the factors in this case:  [Rickard's] underlying motivation, the quantity and volume of substances, and the sophisticated nature of implementation of his actions, the Probation Department has grave concerns regarding the plea agreement in this matter.  A mitigated sentence given such circumstances is unwarranted, even in the face of a minimal criminal history.  It is clear that [Rickard] was a significant figure in the local supply of illegal substances of all kinds, and although some compromise might be reached to serve the greater interest of [j]ustice, a sentence in keeping with the significant nature of his actions is called for. [¶] Therefore, the Probation Department recommends that the Court reject the plea as it does not appear to be in the interest of justice. [¶] However, *should the Court choose to accept the current plea agreement*, a sentencing recommendation has been attached for the Court's consideration.  It would also be recommended that the [section] 11352.5 fine be imposed at the amount of $10,000."  The presentence report included a forensic test report showing that the heroin had a net weight of 17.68 grams.

On October 18, 2012, the Honorable Leonard LaCasse accepted the negotiated plea and sentenced Rickard to the agreed prison term.  In addition to other fines and fees, the court imposed a $10,000 fine, pursuant to section 11352.5.  The court explained:  "And in addition, given the substances addressed, the behavior and the rather voluminous amounts of drugs addressed in the probation report, the court's going to fine you a penal fine in the sum of $10,000."  Despite the probation report's silence on the issue, the court also ordered Rickard to reimburse the County of Del Norte $500 for attorney fees,

---

[2] *People v. Arbuckle* (1978) 22 Cal.3d 749.

pursuant to Government Code section 27712 and Penal Code section 987.8. Rickard filed a timely notice of appeal, stating that his appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

## II. DISCUSSION

Rickard asserts that the trial court (1) committed *Apprendi*[3] error when it imposed a section 11352.5 fine; and (2) erred in ordering him to reimburse $500 in attorney fees without notice and a hearing. The People concede error.

### A. *Section 11352.5 Fine*

Section 11352.5 provides in relevant part: "The court *shall* impose a fine not exceeding fifty thousand dollars ($50,000), in the absence of a finding that the defendant would be incapable of paying such a fine, in addition to any term of imprisonment provided by law for any of the following persons: [¶] (1) Any person who is convicted of violating Section 11351 of the Health and Safety Code by possessing for sale *14.25 grams or more* of a substance containing heroin." (Italics added.)

Rickard argues that the trial court violated his due process rights by imposing the fine even though the weight of heroin involved was never admitted or found by a jury on the basis of proof beyond a reasonable doubt. (*Apprendi, supra,* 530 U.S. at p. 490 ["[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"]; *Southern Union Co. v. United States* (2012) 567 U.S. ___ [132 S.Ct. 2344, 2357] [*Apprendi* applies to imposition of criminal fines].)[4]

---

[3] *Apprendi v. New Jersey* (2000) 530 U.S. 466.

[4] Rickard did not object, on any ground, to Judge LaCasse's imposition of the section 11352.5 fine. His failure to object or seek to withdraw his plea forfeited any claim that his punishment violated the terms of the plea bargain. (See Pen. Code, § 1192.5 [where a plea "is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea"]; *People v. Villalobos* (2012) 54 Cal.4th 177, 182 ["defendant forfeits a claim that his punishment exceeds the terms of a plea bargain when the trial court gives a [Penal Code]

4

The People concede the *Apprendi* error but ask us not to strike the fine. Instead, they urge that the matter be remanded for a determination of whether the court would accept the plea without the fine. They contend: "The imposition of the . . . section 11352.5 fine was essential to the sentencing court's acceptance of the plea." The record does not support their contention.

Here, the plea bargain was initially accepted by Judge Bryan without any mention of a section 11352.5 fine. But, before Rickard was sentenced by Judge LaCasse, the probation department made clear the amount of heroin involved and wrote, in its presentence report: "The Probation Department recommends that the Court reject the plea as it does not appear to be in the interest of justice. [¶] However, *should the Court choose to accept the current plea agreement*, a sentencing recommendation has been attached for the Court's consideration. It would also be recommended that the [section] 11352.5 fine be imposed at the amount of $10,000." (Italics added.) On the record, Judge LaCasse merely stated the terms of the negotiated sentence and then continued: "And in addition, given the substances addressed, the behavior and the rather voluminous amounts of drugs addressed in the probation report, the court's going to fine you a penal fine in the sum of $10,000." Nothing in the record indicates that the trial court would not have accepted the plea agreement, but for imposition of the $10,000 fine. It is equally, if not more, plausible that Judge LaCasse included the fine under the mistaken impression that such was compelled by the mandatory language of the law, while overlooking that a section 11352.5 enhancement had not been alleged and the weight of heroin had not been admitted. (§ 11352.5.) The statutory language suggests that a sentencing court must impose a fine, absent a finding that the defendant would be incapable of paying it, when a defendant is convicted of violating section 11351 "by possessing for sale *14.25 grams or more* of a substance containing heroin." (§ 11352.5, subd. (1).) However, a sentencing

_____

section 1192.5 admonition and the defendant does not withdraw his plea at sentencing"].) However, we address Rickard's *Apprendi* argument, notwithstanding his failure to raise the issue at sentencing, because an unauthorized sentence may be challenged for the first time on appeal. (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

court has no discretion to impose such a fine, in any amount, when a defendant has not been so convicted. Accordingly, we will strike the fine. (See Pen. Code, § 1260 [appellate court "may . . . modify a judgment . . . as may be just under the circumstances"]; *People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 [appellate court's power to modify a sentence is "exercise[d] . . . sparingly for . . . the trial court's articulated discretion is, generally speaking, controlling"].)

B.      *Attorney Fees*

Rickard also contends that the trial court erred, and violated his right to due process, in ordering the reimbursement of attorney fees without conducting a noticed hearing. We address Rickard's argument notwithstanding his failure to object at sentencing. (See *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1420–1421; *People v. Viray* (2005) 134 Cal.App.4th 1186, 1214 ["unless the defendant has secured a new, independent attorney when such an order is made, she is effectively *unrepresented* at that time, and cannot be vicariously charged with her erstwhile counsel's failure to object to an order reimbursing his own fees"]; *People v. Lopez* (2005) 129 Cal.App.4th 1508, 1537.)

Penal Code section 987.8, subdivision (b) provides in relevant part: "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court . . . the court may, *after notice and a hearing*, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof." (Italics added.) Although Judge LaCasse found Rickard had the present ability to pay $500 in attorney fees, the People concede that Rickard was not given notice of a hearing or a hearing itself on that issue.

We accept the People's concession that the case must be remanded to permit the trial court to comply with the statutory requirements for reimbursement of attorney fees, and we reject Rickard's assertion that the fee order should simply be stricken because of the statutory presumption that a defendant sentenced to prison is unable to reimburse attorney fees. (Pen. Code, § 987.8, subd. (g)(2)(B) ["[u]nless the court finds unusual

6

circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense"].)  When, as here, no finding has been made regarding unusual circumstances, our Supreme Court has indicated that remand is the appropriate remedy.[5]  (*People v. Flores* (2003) 30 Cal.4th 1059, 1068–1069.)  Accordingly, we will reverse the attorney fees order and remand to the trial court so that it can provide the notice and conduct the hearing required by the statute.  (*Id.* at pp. 1061, 1068–1069; *People v. Prescott* (2013) 213 Cal.App.4th 1473, 1476; *People v. Tuggle* (2012) 203 Cal.App.4th 1071, 1081.)

### III.   DISPOSITION

The attorney fee order is reversed, and the matter is remanded to the trial court for notice and a hearing under Penal Code section 987.8, subdivision (b).  The judgment is further modified to strike the $10,000 fine imposed pursuant to section 11352.5.  The judgment is otherwise affirmed.

---

[5] Rickard also suggests that remand is unnecessary because he was not given notice of his potential liability for attorney fees prior to legal counsel being furnished. Penal Code section 987.8, subdivision (f), provides:  "*Prior to the furnishing of counsel or legal assistance by the court*, the court shall give notice to the defendant that the court may, after a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost of counsel.  The court shall also give notice that, if the court determines that the defendant has the present ability, the court shall order him or her to pay all or a part of the cost.  The notice shall inform the defendant that the order shall have the same force and effect as a judgment in a civil action and shall be subject to enforcement against the property of the defendant in the same manner as any other money judgment."  (Italics added.)  However, Rickard fails to cite to any portion of the record in support of his assertion that "[he] was not provided with notice of his potential liability for the costs of court-appointed counsel prior to legal counsel being furnished . . . ."  Accordingly, we need not consider the argument further.  (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [appellate court may treat as waived any factual contentions not supported by a citation to the record].)

_____

Bruiniers, J.


We concur:


_____

Simons, Acting P. J.


_____

Needham, J.