Filed 5/6/14  P. v. Marschke CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | E057534 |
| Plaintiff and Respondent, | (Super.Ct.No. FSB1202074) |
| v. | **ORDER MODIFYING OPINION AND DENIAL OF PETITION FOR REHEARING** |
| JENNIFER LEE MARSCHKE, | |
| Defendant and Appellant. | **[NO CHANGE IN JUDGMENT]** |

Respondent's petition for rehearing filed April 28 2014, is denied.  The opinion filed in this matter on April 10, 2014, is modified as follows:

On page 3, footnote 2 should be changed to read as follows:

Covarrubias suffered burns, bruises, and swelling on his left arm.

On page 9, the second sentence in the first full paragraph reading "The People do not respond" should be eliminated.

1

Except for this modification, the opinion remains unchanged. This modification does not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P.J.

MILLER

J.

Filed 4/10/14  P. v. Marschke CA4/2 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057534 |
| v. | (Super.Ct.No. FSB1202074) |
| JENNIFER LEE MARSCHKE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Richard V. Peel, Judge.  Affirmed in part; reversed in part with directions.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant Jennifer Lee Marschke of second degree robbery (count 1; Pen. Code, § 211).[1] The court granted defendant three years' probation with a condition she serve 365 days in jail with credit for time served of 171 actual days.

On appeal, defendant contends the court erred in ordering she pay $500 in fees for her public defender, $505 for the costs of probation investigation and supervision, and that the sentencing minute order must be modified to reflect an award of an additional 171 days of conduct credit. We agree with defendant's first two contentions and shall reverse with directions that the trial court hold a proper hearing on defendant's ability to pay those fees. We agree defendant's sentencing minute order should be corrected to reflect the award of conduct credits, but agree with the People that defendant is entitled to only 170 days of conduct credit. In all other respects, the judgment is affirmed.

## FACTS

On May 15, 2012, Daniel Covarrubias, an undercover loss prevention investigator for a CVS store in the City of Highland, witnessed defendant pushing a shopping basket in the skincare aisle of the store. Defendant had her purse in the children's seat portion of the shopping basket; she had a CVS ad on top of her purse and merchandise from the store surrounding it.

Defendant selected a number of items from the shelves including face cream, a razor, lubricant, false eyelashes, and mascara; she then removed the items from the

---

[1] All further statutory references are to the Penal Code. On the People's motion prior to trial, the court dismissed a count 2 charge of felony assault with a Taser (§ 244.5, subd. (b)).

packaging and placed them in her purse. Defendant made her way to the register where she paid for a soda, but not the items in her purse. She left the store.

Covarrubias approached defendant immediately outside the store and identified himself as CVS security. He requested she come back inside the store to discuss the merchandise for which she did not pay. Defendant said she did not have anything, but agreed to go back into the store. As they moved toward the store, defendant agreed to hand Covarrubias the stolen items. Defendant reached in her purse, pulled out a Taser gun, and tased Covarrubias twice on his left wrist.[2] Defendant ran off.[3]

Covarrubias called 911. The People played an audio recording of the call to the jury. San Bernardino Sheriff's Deputy Aaron Halloway was dispatched to the CVS store. He saw defendant running across a vacant field. He cut her off with his patrol car and asked her to stop. She did. Defendant had a CVS bag containing a drink, lubricant, and several cosmetic items. Her purse contained a functional stun gun.

## DISCUSSION

A. Attorney Fees.

Defendant contends the court erred in directing that she pay $500 in attorney fees in recompense for her public defender because it neglected to hold the requisite hearing

---

[2] Defendant suffered burns, bruises, and swelling on his left arm.

[3] The People played a video surveillance recording of defendant both inside and outside of the CVS store at the time of the incident. The video did not, however, show Covarrubias's interaction with defendant outside the store. Defense counsel and defendant admitted she had stolen the items. Defendant's defense was that she was unaware Covarrubias was an employee of CVS and tased him in self-defense.

3

and make an evidentiary determination of her ability to pay. The People contend defendant forfeited any failure to hold a hearing by failing to object below and that substantial evidence supports a determination of defendant's ability to pay regardless. We agree with defendant.

"In any case in which a defendant is provided legal assistance . . . upon conclusion of the criminal proceedings in the trial court . . . the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided." (§ 987.8, subd. (b).)

"'Ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following: [¶] (A) The defendant's present financial position. [¶] (B) The defendant's reasonably discernible future financial position. In no event shall the court consider a period of more than six months from the date of the hearing for purposes of determining the defendant's reasonably discernible future financial position. . . . [¶] (C) The likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing." (§ 987.8, subd. (g)(2).) "At a hearing, the defendant shall be entitled to, but shall not be limited to, all of the following rights: [¶] (1) The right to be heard in person. [¶] (2) The right to

4

present witnesses and other documentary evidence. [¶] (3) The right to confront and cross-examine adverse witnesses. [¶] (4) The right to have the evidence against him or her disclosed to him or her. [¶] (5) The right to a written statement of the findings of the court." (§ 987.8, subd. (e).)

We review a court's order requiring a defendant pay the costs of her public defender for substantial evidence. (*People v. Viray* (2005) 134 Cal.App.4th 1186, 1217.) Where a court fails to hold the proper hearing or make the necessary finding of ability to pay, the preferred solution is to remand the case for a new hearing on the matter. (*People v. Prescott* (2013) 213 Cal.App.4th 1473, 1476.)

1. Forfeiture.

The People argue defendant forfeited her contention by failing to object to the court's order below. We disagree.

The probation officer's report recommended the court find defendant had the present ability to pay appointed counsel fees in the amount of $500. At the sentencing hearing, defense counsel initially noted defendant "is unemployed, and I don't foresee any immediate employment, so I would request, especially since she's been in custody for several months now, that the Court impose the minimum fines." Without further argument or evidence presented below, the court ordered "reimbursement of appointed counsel fees totaling $500, reimbursement of investigative costs in the amount of $505, both payable through Central Collections."

"'Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a

5

known right." . . . Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake. [Citations.]' [Citation.]" (*People v. Collins* (2001) 26 Cal.4th 297, 305, fn. 2.)

The People cite *People v. McCullough* (2013) 56 Cal.4th 589 and *People v. Aguilar* (2013), previously published at 219 Cal.App.4th 1094, review granted November 26, 2013, S213571, for the proposition that a defendant's failure to object to the imposition of an attorney fee below forfeits the contention on appeal. However, due to the California Supreme Court's grant of review, *Aguilar* is not longer citable law. (Cal. Rules of Court, rule 8.1105(e)(1).)

In *McCullough*, the court held that "a defendant who fails to contest *the booking fee* when the court imposes it forfeits the right to challenge it on appeal." (*People v. McCullough, supra,* 56 Cal.4th at p. 591, italics added.) *McCullough* reasoned that booking fees differed from other statutory fees which had procedural requirements or guidelines compelling the court to make ability-to-pay determinations only after affording a defendant a hearing and other safeguards. (*Id.* at p. 598.) It also noted "the Legislature considers the financial burden of the booking fee to be de minimis and has interposed no procedural safeguards or guidelines for its imposition. In this context, the rationale for forfeiture is particularly strong. [Citations.]" (*Id.* at p. 599 [$270.17 booking fee].) No objection in the trial court is required to challenge the sufficiency of

6

the evidence to support imposition of an attorney fee on appeal. (*People v. Viray* (2005) 134 Cal.App.4th 1186, 1217; *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1421.)

Here, we disagree with the contention that defendant did not object. Although defense counsel did not pose a specific objection to imposition of the attorney fee, defense counsel requested minimum fines, noting defendant had been incarcerated and it would be unlikely defendant could obtain immediate employment. Regardless, unlike the booking fee at issue in *McCullough*, the attorney fee provision in section 987.8 has specific procedural requirements affording the defendant particular rights at any hearing in which the court makes a determination of a defendant's ability to pay. Likewise, the $500 fee ordered here is not de minimis. Defendant did not forfeit imposition of the attorney fee for failing to object on that specific basis below.

2. Substantial Evidence.

The People maintain that even if defendant did not forfeit the contention on appeal, substantial evidence was adduced below to support the court's implicit determination defendant had the ability to pay the attorney fee. We disagree.

The probation report reflects defendant was a high school graduate with special training as a medical assistant and bartender. She had worked intermittently as a bartender earning $350 a week; she last worked in December 2011 when she was fired for being tardy. Defendant owed $900 in school loans and was $16,000 in child support arrears for three of her minor children. The court struck a recommended condition of probation which would have prevented defendant from entering places where alcoholic beverages are the chief item of sale. The People agreed to the modification to

7

"accommodate [defendant's] skill set for having employment as a bartender. The People think that's reasonable for her to actually make a living while she's on probation." Nevertheless, defense counsel noted defendant "is unemployed and I don't foresee any immediate employment, so I would request, especially since she's been in custody for several months now, that the Court impose the minimum fines." Defendant had "family support, including that of her husband."

"[S]ection 987.8 establishes the means for a county to recover some or all of the costs of defense expended on behalf of an indigent criminal defendant. [Citation.] Under subdivisions (b) and (c) of the statute, an order of reimbursement can be made only if the court concludes, after notice and an evidentiary hearing, that the defendant has 'the present ability . . . to pay all or a portion' of the defense costs. [Citations.] If this finding is made, 'the court shall set the amount to be reimbursed and order the defendant to pay the sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability.' [Citation.]" (*People v. Verduzco, supra,* 210 Cal.App.4th at p. 1420 [fn. omitted].) "In calculating ability to pay, 'the court [must] consider what resources the defendant has available and which of those resources can support the required payment,' including both the defendant's likely income and his or her assets. [Citations.]" (*Id.* at p. 1421.)

Here, no hearing was held and no explicit finding rendered on defendant's ability to pay the $500 attorney fee. To the extent that no express finding may be required if substantial evidence supports the fee (*People v. Phillips* (1994) 25 Cal.App.4th 62, 71-72), we find the sufficiency of the evidence wanting. Defendant had substantial debts

8

amounting to almost $17,000. She had last worked in December 2011, almost a year earlier. Defendant had been in a jail for almost the last six months. Defense counsel noted there was almost no prospect for defendant's "immediate employment." Insufficient evidence supported an implied finding of defendant's ability to pay the attorney fee. We shall reverse the fee and remand the matter for a proper hearing.

B. Section 1203.1b, Subdivision (a), Probation Supervision and Investigative Fees.

Defendant additionally contends the court erred in imposing probation supervision and investigative fees in the amount of $505. The People do not respond. We agree with defendant.

"In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, and in any case in which a defendant is granted probation or given a conditional sentence, the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, of conducting any preplea investigation and preparing any preplea report . . . . The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant

9

must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver." (§ 1203.1b, subd. (a).)

"In this case, the court failed to conduct a hearing before finding that defendant had the ability to pay the costs of probation and the cost of the presentence investigation and report. More fundamentally, because no hearing was conducted, there is no evidence to support the court's finding that defendant had the ability to pay." (*People v. Adams* (1990) 224 Cal.App.3d 705, 713 (Fourth Dist., Div. Two).) The requirement of a hearing includes a requirement that evidence of the defendant's ability to pay be admitted. (*Ibid*.)

Because no hearing was held and defendant did not waive her right to a hearing, no evidence of defendant's ability to pay the probation supervision and investigative fees was adduced. Therefore, the order requiring defendant pay $505 for the costs of probation supervision and investigative fees must be reversed. The court shall conduct a proper hearing on the matter on remand.

C. Conduct Credits.

Defendant contends the minute order should be corrected to reflect the award of 171 days of conduct credits in addition to the award of 171 days of actual credit. The People maintain no correction is needed as the minute order accurately reflects the court's rendition of judgment. Nevertheless, to the extent such correction is ordered, the People maintain defendant is only entitled to 170 days credit. We agree with defendant that the court should have orally specified the amount of custody credit awarded and the sentencing minute order should be corrected to reflect that amount. We agree with the

10

People, however, with respect to the amount of conduct credit to which defendant is entitled.

The probation officer recommended in her report the court grant defendant three years' felony probation with 180 days of jail time. She recommended the award of "credit for time served, a matter of one hundred fifty-two [*sic*] (163) days; plus conduct credit pursuant to [section 4019], . . ." The People argued defendant should be sentenced to 365 days in jail. Defense counsel argued the court should impose the recommended 180-day term. Because seven days had elapsed since the preparation of the probation officer's report, the court clerk noted another eight days of actual credit should be awarded. The court granted defendant three years' felony probation with 365 days of jail time and 171 days of actual credit. The court noted "[t]hese are new 4019 credits. [¶] [Defendant] I'm using up all of your local time so if you violate probation, there's only one stop for you and that is state prison.[4]

While on appeal, appellate counsel filed a motion in the superior court requesting correction of the minute order to reflect the award of 171 days of conduct credit. The court denied the motion noting it "properly imposed pre-sentence custody credits pursuant to [section 2900.5, subdivision (d)]; Minute Order properly reflects that conduct credits to be awarded by jail facility, if any, shall be calculated pursuant to [section 4019]."

---

[4] The sentencing minute order reflects the court awarded "conduct credit pursuant to" section 4019.

11

"A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered. [Citation.]" (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.) Under current section 4019, subdivision (f), effective October 1, 2011, defendant may earn four days of custody credit *for every two days spent in actual custody*. (Stats. 2011, ch. 39, § 53, italics added.)

Employing the method of custody calculation prescribed by the court in *In re Marquez* (2003) 30 Cal.4th 14, 25-26, we find defendant is entitled to 170 days of conduct credit. One hundred and seventy-one actual days divided by two equals 85.5. We discard the remainder and multiply the result by two. Eighty-five multiplied by two equals 170. Thus, defendant is entitled to 170 days of conduct credit. (*Ibid.*) We shall direct the superior court to correct the sentencing minute order to reflect the specific number of conduct credits to which defendant is entitled.

## DISPOSITION

The judgment is reversed as to the $500 attorney fee order and the $505 probation supervision and investigative fees. The trial court is directed to hold a noticed hearing pursuant to sections 987.8 and 1203.1b. The court is further directed to correct the sentencing minute order to reflect the award of 170 days of conduct credit

and forward a corrected copy to the appropriate authority.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____

J.

We concur:

RAMIREZ _____

P. J.

MILLER _____

J.