Filed 7/16/14  P. v. Cooper CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059303 |
| v. | (Super.Ct.No. FWV1202728) |
| LEE MITCHELL COOPER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller, Judge.  Affirmed in part; reversed in part with directions.

Michelle C. Zehner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant Lee Mitchell Cooper of burglary of a vehicle (count 1;

Pen. Code, § 459).[1] Thereafter, the court found true allegations defendant had suffered a prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and three prior prison terms (§ 667.5, subd. (b)). The court sentenced defendant to an aggregate, determinate term of incarceration of seven years.

On appeal, defendant contends that insufficient evidence supported the court's finding he had the ability to pay $500 in attorney fees and that the court erred in making the finding without providing him adequate notice and a hearing on the issue. Defendant additionally requests the minute order of his sentencing be modified to reflect that the court found only one prior strike conviction true. We reverse the order to pay attorney fees and remand the matter for a hearing on defendant's ability to pay. We shall also direct the superior court to correct the minute order dated July 19, 2013, to reflect the court found true the allegation that defendant had suffered only one prior strike conviction. In all other respects, the judgment is affirmed.

FACTUAL HISTORY

On April 6, 2012, the victim parked her car in the parking lot at her work, locked the car, and went to work. After her shift ended, she returned to find the rear driver's side window of her vehicle smashed. A pack of candy she had purchased earlier that day and left in her car was lying on the ground outside her vehicle. There was broken glass both inside and outside the car. There was also blood on the broken glass, on the ground,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

and on the inside of the car.  The glove box had been opened and the contents placed on the passenger seat.

Deputy Miranda, who was dispatched to the reported vehicle burglary, testified there was a pry mark on the rear driver's side window.  Deputy Miranda collected the candy as evidence and sent it to the crime lab for analysis.  A criminalist received the candy and lifted a print from it.  A fingerprint analyst compared the print lifted from the candy to prints in a computer database.  Defendant's left middle finger print matched the one lifted from the candy.  Deputy Mondry rolled defendant's finger prints on May 17, 2013.  The print obtained from the candy matched the print taken directly from defendant.

Detective Williams interviewed defendant on August 12, 2012.  Defendant admitted breaking into the victim's car through the rear driver's side window because he wanted the items inside.  Defendant said he cut his hand breaking into the vehicle.

Defendant testified that on April 6, 2012, he was drinking with two other individuals at a restaurant.  They were also on methamphetamine.  Defendant ended up in a physical confrontation with one of his companions in the parking lot.  The other individual obtained a wrench from defendant's car and threw it at defendant.  It missed defendant, but broke the window of the victim's car.  Defendant reached into the victim's car in order to retrieve his wrench.   He cut himself doing so and bled into the car.  Defendant moved some items around inside the car in order to retrieve the wrench.  Defendant left with his companions five minutes after retrieving the wrench.  Defendant

told Detective Williams several different versions of what had occurred before stating that he was responsible.[2]

## DISCUSSION

A.      Attorney Fee.

Defendant contends the court erred in directing that he pay $500 in attorney fees in recompense for his public defender because the court neglected to provide him notice and hold the requisite hearing in order to make a determination of his ability to pay.  The People maintain defendant forfeited any failure to hold a hearing by failing to object below and that substantial evidence supports a determination of defendant's ability to pay regardless.  We agree with defendant.

"In any case in which a defendant is provided legal assistance . . . upon conclusion of the criminal proceedings in the trial court . . . the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof.  The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings.  The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an

_____

[2] Defendant also admitted on the stand to being arrested and convicted of a crime of moral turpitude in 2003 (a prior first degree burglary, which the court found true as a prior strike allegation).  Defendant additionally admitted on the stand he had been previously convicted of felony resisting an officer and attempted unlawful taking of a motor vehicle, two of the three convictions which led to the true findings on alleged prior prison terms.  Defendant admitted on the stand to incurring four felony convictions between 2003 and 2011.

inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided." (§ 987.8, subd. (b).)

"'Ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following:  [¶]  (A) The defendant's present financial position.  [¶]  (B) The defendant's reasonably discernible future financial position.  In no event shall the court consider a period of more than six months from the date of the hearing for purposes of determining the defendant's reasonably discernible future financial position. . . .  [¶]  (C) The likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing." (§ 987.8, subd. (g)(2).)  "At a hearing, the defendant shall be entitled to, but shall not be limited to, all of the following rights:  [¶]  (1) The right to be heard in person.  [¶]  (2) The right to present witnesses and other documentary evidence.  [¶]  (3) The right to confront and cross-examine adverse witnesses.  [¶]  (4) The right to have the evidence against him or her disclosed to him or her.  [¶]  (5) The right to a written statement of the findings of the court." (§ 987.8, subd. (e).)

We review a court's order requiring a defendant pay the costs of his/her public defender for substantial evidence.  (*People v. Viray* (2005) 134 Cal.App.4th 1186, 1217.) Where a court fails to hold the proper hearing or make the necessary finding of ability to pay, the preferred solution is to remand the case for a new hearing on the matter.  (*People v. Flores* (2003) 30 Cal.4th 1059, 1068-1069; *People v. Prescott* (2013) 213 Cal.App.4th 1473, 1476; *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1420-1421 (*Verduzco*).)

5

1. Forfeiture.

The People argue defendant forfeited his contention by failing to object to the court's order below. We disagree.

The probation officer recommended the court find defendant had the ability to pay both the appointed-counsel fee in the amount of $500 (§ 987.8) and the cost of conducting the presentence investigation and report in the amount of $505 (§ 1203.1, subd. (b)). The probation report reflects defendant had assets in the amount of $12,500 and had been working for five months prior to his arrest as quality control at a warehouse making nine dollars an hour. The probation officer additionally reported defendant had been incarcerated for 242 days prior to sentencing and had been homeless prior to his arrest. After finding the prior conviction allegations true, the court noted "I am going to find that defendant does have the present ability to pay appointed-counsel fees in the amount of $500 through Central Collections. I will find that he does not have the present ability to pay the costs of conducting the presentence investigation."

"'Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." [Citation.] Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake. [Citations.]' [Citation.]" (*People v. Collins* (2001) 26 Cal.4th 297, 305, fn. 2.)

The People cite *People v. McCullough* (2013) 56 Cal.4th 589, for the proposition that a defendant's failure to object to the imposition of an attorney fee below forfeits the contention on appeal. In *McCullough*, the court held that "a defendant who fails to contest *the booking fee* when the court imposes it forfeits the right to challenge it on appeal." (*Id.* at p. 591, italics added.) *McCullough* reasoned that booking fees differed from other statutory fees that had procedural requirements or guidelines compelling the court to make ability-to-pay determinations only after affording a defendant a hearing and other safeguards. (*Id.* at p. 598.) It also noted "the Legislature considers the financial burden of the booking fee to be de minimis and has interposed no procedural safeguards or guidelines for its imposition. In this context, the rationale for forfeiture is particularly strong. [Citations.]" (*Id.* at p. 599 [$270.17 booking fee].)

No objection in the trial court is required to challenge the sufficiency of the evidence to support imposition of an attorney fee on appeal. (*People v. Viray*, *supra*, 134 Cal.App.4th at p. 1217; *People v. Lopez* (2005) 129 Cal.App.4th 1508, 1537 ["In the absence of a guilty plea, the sufficiency of the evidence to support a finding is an objection that can be made for the first time on appeal"]; *Verduzco*, *supra*, 210 Cal.App.4th at p. 1421.)

Here, unlike the booking fee at issue in *McCullough*, the statutory imposition of attorney fees entails the provision of procedural requirements which compel the court to make an ability-to-pay determination only after affording defendant notice and a hearing. (§ 987.8, subd. (b).) No such hearing was held here. Likewise, the $500 fee ordered here

7

is not de minimis.  Moreover, defendant did not enter a guilty plea, but was convicted after a jury trial.  Thus, defendant did not forfeit the issue by failing to object below.

        2.        Substantial Evidence.

Defendant contends insufficient evidence supports the attorney fee.  The People maintain that even if defendant did not forfeit the contention on appeal, defendant was provided notice of the fee and substantial evidence was adduced below to support the court's determination defendant had the ability to pay the attorney fee.  We agree with defendant.

"[S]ection 987.8 establishes the means for a county to recover some or all of the costs of defense expended on behalf of an indigent criminal defendant.  [Citation.]  Under subdivisions (b) and (c) of the statute, an order of reimbursement can be made only if the court concludes, after notice and an evidentiary hearing, that the defendant has 'the present ability . . . to pay all or a portion' of the defense costs.  [Citations.]  If this finding is made, 'the court shall set the amount to be reimbursed and order the defendant to pay the sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability.'  [Citation.]"  (*Verduzco*, *supra*, 210 Cal.App.4th at p. 1420, fn. omitted.)  "In calculating ability to pay, 'the court [must] consider what resources the defendant has available and which of those resources can support the required payment,' including both the defendant's likely income and his or her assets.  [Citations.]"  (*Id.* at p. 1421.)

"Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to

8

reimburse the costs of his or her defense." (§ 987.8, subd. (g)(2)(B).) The statute "require[s] an express finding of unusual circumstances before ordering a state prisoner to reimburse his or her attorney." (*People v. Lopez*, *supra*, 129 Cal.App.4th at p. 1508, 1537; accord *Verduzco*, *supra*, 210 Cal.App.4th at p. 1421.)

Here, no hearing on defendant's ability to pay the attorney fee was held. The court sentenced defendant to prison for seven years. The court did not make any express finding of unusual circumstances to warrant imposition of the fee. Defendant had been in jail for 242 days prior to his sentencing. Prior to his arrest, defendant was homeless. Although the court found defendant had the ability to pay the attorney fee, it found defendant did not have the ability to pay the presentence investigation fee. There was no explanation regarding the apparently conflicting nature of these findings. Thus, the court failed to hold a proper hearing on defendant's ability to pay the fee, and insufficient evidence supports the court's order.

The People contend that, pursuant to *People v. Phillips* (1994) 25 Cal.App.4th 62, the probation report provided defendant proper notice of the potential imposition of the fee, and that substantial evidence supports the fee. (*Id*. at pp. 71-72.) We find *Phillips* distinguishable. In *Phillips,* the defendant was placed on probation, which would permit him to obtain employment in order to pay the fee. (*Id*. at pp. 66-67.) Here, the court sentenced defendant to prison. The court in *Phillips* asked the defendant about his employment and wages, and considered his ability to pay the fee at the sentencing hearing. That information supported the court's order that he pay "the sum of $150 for the services of the public defender." (*Id*. at pp. 67-72, 76.) Here, the court did not

9

inquire regarding defendant's employment, wages, or ability to pay the fee. Moreover, the court ordered defendant pay the much greater sum of $500.

The People further argue the notation in the probation report that defendant had $12,500 in assets supports the court's order. However, because the court held no hearing on the issue, we do not know from where this information came, in what form the assets existed, and if they were sufficiently liquid as to enable defendant to use them to pay the fee. Likewise, the fact defendant had worked for five months prior to arrest, making nine dollars an hour, seemingly conflicts with the probation officer's indication defendant had been homeless. Regardless, defendant had been in jail for approximately eight months before he was sentenced to seven years' imprisonment. Thus, insufficient evidence supports the court's determination defendant had the present ability to pay the attorney fee.

B.      Correction of Minute Order.

Defendant contends the minute order dated July 19, 2013, erroneously reflects the court found defendant had incurred two prior strike convictions when it actually found only one. Defendant requests we order the court to correct the mistake. The People agree. We shall order the superior court to correct the minute order.

"To the extent a minute order diverges from the sentencing proceedings it purports to memorialize, it is presumed to be the product of clerical error. [Citation.] . . . As with other clerical errors, discrepancies between an abstract and the actual judgment as orally pronounced are subject to correction at any time, and should be corrected by a reviewing court when detected on appeal. [Citation.]" (*People v. Scott* (2012) 203 Cal.App.4th

10

1303, 1324.)  "'Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.'  [Citations.]  A reviewing court has the authority to correct clerical errors . . . . [Citation.]"  (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3.)

Here, the People alleged defendant had incurred only one prior strike conviction. The court found true the allegation defendant had suffered one prior strike conviction. Thus, the minute order dated July 19, 2013, must be corrected to reflect that the court found true only one prior strike conviction.

## DISPOSITION

The imposition of the $500 attorney fee pursuant to section 987.8 is reversed.  The matter is remanded to the superior court to provide proper notice and a hearing regarding defendant's ability to pay the costs of his public defender.  The superior court is further directed to correct the minute order dated July 19, 2013, to reflect that the court found true defendant had incurred only one prior strike conviction.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


KING
Acting P. J.


MILLER
J.

11