[No. B242196. Second Dist., Div. Eight. Feb. 27, 2013.]

THE PEOPLE, Plaintiff and Respondent, v.
ERROL PRESCOTT, Defendant and Appellant.

■■■■■■

■■■■■■■■■■

COUNSEL

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Douglas L. Wilson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BIGELOW, P. J.**—Errol Prescott was convicted of a felony and sentenced to five years in county jail pursuant to the Criminal Justice Realignment Act of 2011 (Realignment Act). (Pen. Code, § 1170, subd. (h)(5)(B).)[1] Without notice, a hearing or a determination of Prescott's ability to pay, the trial court ordered Prescott to pay $400 in attorney fees. Prescott contends he should have been granted a noticed hearing. Prescott further argues that the presumption that a defendant sentenced to *state prison* does not have the ability to pay defense costs (§ 987.8, subd. (g)(2)(B)) should apply because he was sentenced on a felony under the Realignment Act. We find the plain language of the statute prohibits application of the inability to pay presumption to *county jail* sentences. We vacate the order imposing $400 in attorney fees and remand the case to the trial court to conduct a hearing as contemplated by section 987.8.

## DISCUSSION

Prescott pled no contest to a felony charge of unlawful driving or taking of a vehicle and also admitted to serving four prior prison terms. (Veh. Code, § 10851, subd. (a); Pen. Code, § 667.5, subd. (b).) He was sentenced to five

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

years in county jail pursuant to the Realignment Act. (§ 1170, subd. (h)(5)(B).) Various fines and fees were imposed. The trial court also assessed $400 in attorney fees pursuant to section 987.8.

Prescott contends the trial court improperly assessed attorney fees, for two reasons. First, it did so without making a determination that Prescott had the ability to pay after notice and a hearing as required by section 987.8. Second, Prescott claims the presumption in section 987.8, subdivision (g)(2)(B)—that a defendant sentenced to state prison does not have the ability to pay defense costs—should have applied. As a result, Prescott requests we reverse the $400 fee order and strike it from the judgment. The Attorney General urges us to remand this case back to the trial court for "an opportunity to consider the propriety of an attorney fee award after a properly noticed hearing." We agree that remand is required for a hearing, but find the presumption embodied in section 987.8, subdivision (g)(2)(B) inapplicable to defendants sentenced to county jail.

■ Under section 987.8, subdivision (b), "the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof." The Attorney General concedes that Prescott did not have either notice of a hearing or a hearing itself. The preferred solution when a trial court fails to make a necessary finding is to remand the case for a new hearing on the matter. (See *People v. Flores* (2003) 30 Cal.4th 1059, 1068–1069 [135 Cal.Rptr.2d 63, 69 P.3d 979]; *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1421 [149 Cal.Rptr.3d 200].) Since the trial court failed to consider Prescott's ability to pay as required by section 987.8, we remand the matter for a new hearing.

We find Prescott's second contention unavailing. The presumption set forth in section 987.8, subdivision (g)(2)(B), provides that "[u]nless the court finds unusual circumstances, a defendant sentenced to *state prison* shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense." (Italics added.) Prescott contends that a defendant sentenced to serve a felony sentence in county jail pursuant to the Realignment Act should also be presumed unable to pay. The Attorney General argues the presumption does not apply in this case because Prescott was sentenced to county jail, not state prison.

■ Prescott's contention requires an interpretation of section 987.8 subdivision (g)(2)(B). "Statutory construction is a question of law we decide de novo. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].) Our primary

objective in interpreting a statute is to determine and give effect to the underlying legislative intent. (Code Civ. Proc., § 1859.) Intent is determined foremost by the plain meaning of the statutory language. If the language is clear and unambiguous, there is no need for judicial construction. When the language is reasonably susceptible of more than one meaning, it is proper to examine a variety of extrinsic aids in an effort to discern the intended meaning. We may consider, for example, the statutory scheme, the apparent purposes underlying the statute and the presence (or absence) of instructive legislative history. (See *Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 775–776 [72 Cal.Rptr.2d 624, 952 P.2d 641].)" (*City of Brentwood v. Central Valley Regional Water Quality Control Bd.* (2004) 123 Cal.App.4th 714, 722 [20 Cal.Rptr.3d 322].)

■ Commitments made to county jail are not mentioned in section 987.8, subdivision (g)(2)(B). As a result, our statutory interpretation begins and ends with its plain meaning. "If the statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' [Citation.]" (*Whaley v. Sony Computer Entertainment America, Inc.* (2004) 121 Cal.App.4th 479, 485 [17 Cal.Rptr.3d 88].) The plain language is clear. ■ The presumption applies only to a defendant sentenced to state prison, not to defendants sentenced to county jail.

Since passing the Realignment Act of 2011, the Legislature has amended the Penal Code in a number of ways to clarify how the new legislation is to be interpreted in conjunction with preexisting laws. For example, it was uncertain whether a county jail term under section 1170, subdivision (h) qualified as a prior prison term for purposes of the one-year enhancement provision in section 667.5, subdivision (b). Section 667.5 was amended to clarify that a county jail term with mandatory supervision is to be considered a prior prison term. (Sen. Bill No. 1023 (2011–2012 Reg. Sess.); Stats. 2012, ch. 43, § 22.) Further, the one-year prior prison term enhancement is not applicable if a defendant is released from custody on the prior prison commitment five years before the new offense. (§ 667.5, subd. (b).) There was no guidance in the Realignment Act as to when this five-year "washout" period for felons sentenced to county jail was to begin to run: from the end of the custody portion of a split sentence, from when the sentence was imposed, or from when the full sentence was served. Section 667.5 was modified to clarify that the five-year washout period begins after a defendant completes his entire sentence. (Sen. Bill No. 1023 (2011–2012 Reg. Sess.); Stats. 2012, ch. 43, § 22.) Similarly, the original version of the realignment legislation made it clear that if there was a multiple-count sentence with one crime

mandating prison and the other mandating jail, if the terms were sentenced *consecutively*, the entire term was to be served in prison. (§ 1170.1, subd. (a).) However, there was no concomitant law indicating whether such a mixed count *concurrent* sentence required the entire term to be served in state prison. The Legislature clarified this issue by amending section 669, subdivision (d) to indicate that mixed concurrent terms should be served entirely in state prison. (Sen. Bill No. 1023 (2011–2012 Reg. Sess.); Stats. 2012, ch. 43, § 23.) When the Realignment Act was passed, section 1170, subdivision (h) did not contain a tolling provision in the event a defendant absconded from, or violated any condition of, mandatory supervision. If a defendant violated or did not report for mandatory supervision, and stayed on the lam until his period of supervision ended, there were no repercussions for his violation. The Legislature passed Senate Bill No. 1023 to include a tolling provision applicable to any period in which a defendant on mandatory supervision absconds. (§§ 1170, subd. (h)(5)(B)(i), 1203.2, subd. (a), as amended by Sen. Bill No. 1023 (2011–2012 Reg. Sess.); Stats. 2012, ch. 43, §§ 27, 30.) The list goes on, and many issues remain unresolved. The case at bar is just one more.

■ It is not the role of the judicial branch to amend legislation, even when a judge might think it is warranted. We respect that separation of powers and leave it to the Legislature to address whether the section 987.8, subdivision (g)(2)(B) presumption should apply to felons now realigned to county jails.[2]

---

[2] We acknowledge that the rules of statutory construction direct us to avoid an interpretation of a statute which would lead to unreasonable, impractical, or arbitrary results. (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 388 [97 Cal.Rptr.3d 464, 212 P.3d 736].) We reject the argument that finding the presumption inapplicable to felons who are now serving their time in county jail would necessarily lead to such a result. It is true that the 2011 Realignment Act did not change the existing rules about felony probation eligibility, the length of any felony sentence, or how the sentence is to be calculated under sections 1170 and 1170.1. Instead, the Realignment Act changed only the place where certain less violent felons serve their sentences. (*People v. Hul* (2013) 213 Cal.App.4th 182.) We also recognize Prescott was sentenced on a felony, to a term calculated under the felony sentencing law, to the same sentence that he would have received before realignment took effect. The only difference is that Prescott is now serving that felony sentence in a different correctional facility—county jail. However, under the new legislation, a trial court is empowered to sentence a defendant to a so-called "split sentence," where a defendant serves both a custody and a noncustody portion of the selected term. (See § 1170, subd. (h)(5)(B).) During the noncustodial portion of the blended sentence, a defendant is subject to mandatory supervision under circumstances similar to a traditional grant of probation. Defendants subject to mandatory supervision might be allowed to work in jobs where they can make money to reimburse their attorney fees. As a result, we see a reasonable basis for not applying the presumption to county jail sentences under the Realignment Act and do not find our construction would lead to an unreasonable, impractical, or arbitrary result.

## DISPOSITION

The judgment is reversed as to the $400 attorney fee order and the trial court is directed to hold a noticed hearing pursuant to Penal Code section 987.8. In all other respects, the judgment is affirmed.

Rubin, J., and Grimes, J., concurred.