Filed 4/11/14  P. v. Haynes CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>DAMONE RANIER HAYNES, SR.,<br><br>　　Defendant and Appellant. | F066416<br><br>(Super. Ct. No. 1431707)<br><br>**O P I N I O N** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and John A. Bachman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*　　Before Levy, Acting P.J., Franson, J., and Peña, J.

Defendant Damone Ranier Haynes, Sr. pled no contest to possession of heroin for sale (Health & Saf. Code, § 11351) and admitted various allegations. The trial court sentenced him to seven years in prison and imposed various fines and fees, including $200 in attorney fees.

On appeal, defendant contends the trial court failed to find that he had the present ability to pay attorney fees pursuant to Penal Code section 987.8. And he asserts that an implied finding was not supported by substantial evidence. He maintains the fee should be stricken. The People concede the trial court failed to comply with the procedural safeguards required by the statute, but they argue that the appropriate remedy is remand for the trial court to make the proper determination.

Under Penal Code section 987.8, subdivision (b), "the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof." "The preferred solution when a trial court fails to make a necessary finding is to remand the case for a new hearing on the matter. (See *People v. Flores* (2003) 30 Cal.4th 1059, 1068-1069; *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1421.) Since the trial court failed to consider [defendant's] ability to pay as required by [Penal Code] section 987.8, we remand the matter for a new hearing." (*People v. Prescott* (2013) 213 Cal.App.4th 1473, 1476.)

## DISPOSITION

The judgment is reversed as to the $200 attorney fee order and the trial court is directed to hold a noticed hearing pursuant to Penal Code section 987.8. In all other respects, the judgment is affirmed.