Filed 1/14/15  P. v. Hernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059726 |
| v. | (Super.Ct.No. FVA1301179) |
| JIMMY NERI HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed in part; reversed in part with directions.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jimmy Neri Hernandez is on probation after pleading guilty to committing corporal injury on a spouse or cohabitant (Pen. Code, § 273.5, subd.

1

(a))[1] for hitting his girlfriend with a tire iron or jack. Defendant challenges only the court's order that he pay a $250 appointed counsel fee. As discussed below, we find the order is not supported by substantial evidence and remand to the superior court to provide notice and a hearing regarding defendant's ability to pay the costs of his defense.

### FACTS AND PROCEDURE

On July 5, 2013, defendant and his girlfriend of seven years got into an argument and physical fight in a parked car when she told him she wanted to end their relationship. After the two exited the car, defendant took a car jack or tire iron from the trunk of the car and began to swing it around. The woman put up her arms in a defensive move. Defendant struck the woman on the right arm, with the weapon causing a two-inch laceration.

On July 8, 2013, the People filed a felony complaint alleging defendant committed corporal injury on a spouse or cohabitant and assault with a deadly weapon (§ 245, subd. (a)(1)).

On August 13, 2013, defendant pled guilty to the corporal injury charge.

On September 11, 2013, the trial court granted probation on condition defendant serve 365 days in jail. Defendant was also ordered to pay a number of fines, assessments and fees, including a $250 appointed counsel fee.

This appeal followed.

---

[1] All section references are to the Penal Code unless otherwise indicated.

2

Defendant's sole argument on appeal is that the trial court erred when it ordered him to pay the $250 appointed counsel fee without holding a hearing or making a finding that he has the ability to pay the fee, and that the order is not supported by substantial evidence. The People respond that defendant forfeited the right to raise this issue on appeal because he did not object to the fee at the sentencing hearing.

*No Forfeiture*

The question of whether defendant forfeits the right to raise this issue on appeal by failing to raise it below is difficult and unsettled; it is currently before the Supreme Court in *People v. Aguilar* (2013) 162 Cal.App.4th 1094, review granted November 26, 2013, S213571. Hence, we will assume, without deciding, that defendant did not forfeit the issue in this case.

*Substantial Evidence*

"In any case in which a defendant is provided legal assistance . . . upon conclusion of the criminal proceedings in the trial court . . . the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided." (§ 987.8, subd. (b).)

3

"'Ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following:  [¶]  (A) The defendant's present financial position.  [¶]  (B) The defendant's reasonably discernible future financial position.  In no event shall the court consider a period of more than six months from the date of the hearing for purposes of determining the defendant's reasonably discernible future financial position. . . .  [¶]  (C) The likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing."  (§ 987.8, subd. (g)(2).)  "At a hearing, the defendant shall be entitled to, but shall not be limited to, all of the following rights:  [¶]  (1) The right to be heard in person.  [¶]  (2) The right to present witnesses and other documentary evidence.  [¶]  (3) The right to confront and cross-examine adverse witnesses.  [¶]  (4) The right to have the evidence against him or her disclosed to him or her.  [¶]  (5) The right to a written statement of the findings of the court."  (§ 987.8, subd. (e).)

We review a court's order requiring a defendant pay the costs of his/her public defender for substantial evidence.  (*People v. Viray* (2005) 134 Cal.App.4th 1186, 1217.)  Where a court fails to hold the proper hearing or make the necessary finding of ability to pay, the preferred solution is to remand the case for a new hearing on the matter.  (*People v. Flores* (2003) 30 Cal.4th 1059, 1068-1069; *People v. Prescott* (2013) 213 Cal.App.4th 1473, 1476; *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1420-1421.)

"The court's finding of the defendant's present ability to pay . . . may be implied . . . .  [Citation.]  But any finding of ability to pay must be supported by substantial

4

evidence.  [Citations.]"  (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1398, disapproved on other grounds in *People v. McCullough* (2013) 56 Cal.4th 589, 599.) """"Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence.  [Citation.]"  [Citation.]  We """"presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.""  [Citation.]"  [Citation.]'  [Citation.]"  (*People v. Lopez* (2013) 56 Cal.4th 1028, 1069.)

Here, the trial court imposed the fee without discussion.  The probation report indicates defendant was unemployed, had no assets, and had $20,000 in debts.  Defendant was going to spend the next 365 days in jail, minus 69 days credit for time served and 69 days for section 4019 conduct credits.  This means that defendant was to be incarcerated for 227 days after sentencing.  Considering both defendant's "present financial condition" (§ 987.8, subd. (g)(2)(A)) and his "reasonably discernible future financial position . . . no . . . more than six months from the date of the hearing," (§ 987.8, subd. (g)(2)(B)) we agree with defendant that substantial evidence does not support the order that he pay counsel fees of $250.

### DISPOSITION

The imposition of the $250 counsel fee pursuant to section 987.8 is reversed.  The matter is remanded to the superior court to provide proper notice and a hearing regarding defendant's ability to pay the costs of his defense.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT
J.*

We concur:

RAMIREZ
P. J.

MILLER
J.

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.