Filed 5/6/15  P. v. Ojeda CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049758 |
| v. | (Super. Ct. No. 14HF0114) |
| DANI LYN OJEDA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Robert R. Fitzgerald, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed in part and remanded.

Patrick E. DuNah and Loleena Ansari, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

\*                \*                \*

Following a guilty plea, the court ordered defendant Dani Ojeda (Ojeda) to pay $200 in attorney fees without affording her the opportunity to be heard on her ability to pay. On appeal, she contends the court violated the provisions of Penal Code section 987.8, subdivision (b). The Attorney General agrees, as do we. We reverse and remand.

I

FACTS

Ojeda pled guilty to: (1) possession of methamphetamine, a controlled substance, in violation of Health and Safety Code section 11377, subdivision (a); (2) possession of Darvocet, a designated substance, in violation of Health and Safety Code section 11375, subdivision (b)(2); and (3) possession of controlled substance paraphernalia, in violation of Health and Safety Code section 11364.1, subdivision (a). She was placed on three years' probation and ordered to serve 180 days in the county jail.

A form "WAIVER OF HEARING REGARDING PUBLIC DEFENDER OR COURT APPOINTED COUNSEL FEES AND COURT ORDER" was filed with the court. The form cited Penal Code section 987.8. It also contained a section entitled "WAIVER AND CONSENT TO ORDER" which stated: "I understand the above and waive my right to a Court hearing. I further understand and agree that the Court may enter a judgment against me for ___ $150.00 misdemeanor ___ $200.00 felony." The $200.00 box was checked. However, while there was a signature line for Ojeda, she did not sign the form. Instead, the words "NO ABILITY" were written on the form in hand.

At the hearing at which Ojeda pled guilty, the court asked whether she had the ability to pay and said, "The attorney fees are $200." Ojeda's counsel responded that he "was asking for a waiver of that based on no ability." The court denied the request,

2

stating: "Each defendant ultimately has the ability to pay cost for attorney's fees." Without taking evidence on her finances, the court found Ojeda had the ability to pay and ordered her to pay $200 for the costs of appointed counsel. She appeals.

II

DISCUSSION

Penal Code section 987.8, subdivision (b), provides in pertinent part: "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, . . . the court may, *after notice and a hearing*, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. . . ." (Italics added.) If the court orders the payment of attorney fees without affording the defendant a hearing on his or her ability to pay, the appellate court has the authority "to remand a case to the trial court for the correction of its error in failing to give a defendant the notice and hearing required by the statute." (*People v. Flores* (2003) 30 Cal.4th 1059, 1068.)

Although Ojeda acknowledges that remand is one possibility, she asks that we simply strike the attorney fees order because there was insufficient evidence to show she had the ability to pay the $200. However, as the Attorney General duly notes, the "preferred solution . . . is to remand the case for a new hearing on the matter. [Citations.]" (*People v. Prescott* (2013) 213 Cal.App.4th 1473, 1476.) We agree.

3

## III

## DISPOSITION

The judgment is reversed as to the $200 attorney fee order and the trial court is directed to hold a noticed hearing pursuant to Penal Code section 987.8, subdivision (b).  In all other respects, the judgment is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.