Filed 6/30/15  P. v. Wright CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075635 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04000) |
| v. | |
| ANTHONY CHARLES WRIGHT, | |
| Defendant and Appellant. | |

A jury found defendant Anthony Charles Wright guilty of first degree burglary. (Pen. Code, §§ 459, 460, subd. (a).)[1]  The trial court found he had a prior serious felony conviction.  Defendant was sentenced to prison for 17 years consisting of 12 years (twice the upper term) for the burglary and five years for the prior serious felony.  He was ordered to pay various fines and fees including $3,175 in attorney fees to the public

---

[1]    Further statutory references are to the Penal Code unless otherwise indicated.

defender's office.  The court overruled his objection that, as a full-time student, he was not working and had no ability to pay.

Defendant contends, and the Attorney General concedes, the attorney fee order must be reversed because it is not supported by substantial evidence of his ability to pay. We agree and remand for a hearing on reimbursement of attorney fees.

## FACTS

The facts of defendant's offense are not at issue in this appeal involving a challenge to the order for payment of attorney fees.  A brief summary will suffice.

On June 18, 2013, the victim returned to his Sacramento apartment and found defendant in the apartment without permission.  Defendant fled from the apartment by climbing over the victim, who was in a wheelchair in the doorway.  The victim called police.  He determined that various items of his personal property were missing.

The victim spoke with a police officer, identified defendant as the perpetrator, and said he was the son of a neighbor.  The next day, the victim selected defendant from a photo lineup.  Defendant was arrested six days after the burglary.

## DISCUSSION

Defendant contends, and the Attorney General concedes, the trial court erred when it ordered him to pay $3,175 in attorney fees because the order was not supported by substantial evidence of his ability to pay.  We agree.

### *Background*

The probation report, filed in December 2013, revealed that the 41-year-old defendant began working at age 16 as a grounds maintenance worker.  He obtained his GED certificate at college or during a prior incarceration.  He received advanced education in welding from a community college in the State of Washington in 1995.  In the late 1990's, he worked as a welder.  He also did " 'odd jobs' " including house painting, tiling, landscaping, and fencing.  More recently, defendant completed two semesters at Sacramento City College studying heating, ventilating, and air conditioning.

2

In the probation report, defendant claimed a current occupation of "Student" and income of "None." He owed an outstanding balance of $306.51 to the Department of Revenue Recovery. His last payment of $163 was received on June 5, 2008.

The probation report recommended payment of victim restitution, restitution fines, a theft fine, a booking fee and a classification fee, but it did not recommend payment of attorney fees. Neither the report nor any other document gave notice that attorney fees would be at issue at sentencing.

At the hearing, the trial court ordered defendant to pay $3,175 in fees to the public defender's office. Defense counsel objected and requested a finding that defendant was not able to make that payment in light of the fact that, prior to his incarceration, he had been a full-time student, had not been working, and would be serving a substantial period of incarceration. The prosecutor argued that, if the prison enabled defendant to earn money, the money should go to the present victim and the public defender's office.

The trial court declined to modify its order.

*Analysis*

Section 987.8 states in relevant part:

"(b) In any case in which a defendant is provided legal assistance . . . through the public defender . . . , upon conclusion of the criminal proceedings in the trial court, . . . the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. . . . The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided. [¶] . . . [¶]

"(f) Prior to the furnishing of counsel or legal assistance by the court, the court shall give notice to the defendant that the court may, after a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost of

3

counsel. The court shall also give notice that, if the court determines that the defendant has the present ability, the court shall order him or her to pay all or a part of the cost. . . .

"(g) As used in this section: [¶] . . . [¶] (2) 'Ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following: [¶] (A) The defendant's present financial position. [¶] (B) The defendant's reasonably discernible future financial position. In no event shall the court consider a period of more than six months from the date of the hearing for purposes of determining the defendant's reasonably discernible future financial position. Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense."

Because defendant was sentenced to state prison, a presumption arose that he did not have a reasonably discernible future financial ability to pay. (*People v. Polk* (2010) 190 Cal.App.4th 1183, 1211, fn. 29.) The trial court was required to make an express finding of unusual circumstances before ordering him to reimburse his attorney. (§ 987.8, subd. (g)(2)(B).) The court did not make the express finding, and the appellate record does not support an implied finding.

The Supreme Court has held that remand for notice and a hearing under section 987.8, subdivision (b), is an appropriate remedy when the trial court orders reimbursement of attorney fees without first providing these procedural safeguards. (*People v. Flores* (2003) 30 Cal.4th 1059, 1068-1069 (*Flores*).) The court in *People v. Prescott* (2013) 213 Cal.App.4th 1473 suggested the "preferred solution when a trial court fails to make a necessary finding is to remand the case for a new hearing in the matter." (*Id.* at p. 1476, citing *Flores* and *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1420-1421.)

4

The Attorney General argues, notwithstanding the presumption that a defendant sentenced to state prison does not have a reasonably discernible future financial ability to reimburse the costs of his or her defense, defendant *could have* secured prison employment that would enable him to pay a portion, if not all, of the attorney fee award. She says more than a year has passed since the probation report was written and in the interim, defendant could have obtained money from a relative by gift or inheritance.

Defendant claims the Attorney General's arguments regarding his obtaining prison employment or receiving money by gift or inheritance are "based upon sheer speculation." He argues remand "would be 'no more than an idle gesture,' " because he "clearly lacks the ability to pay any fees imposed by the court."

Because there was no hearing and the probation report is more than a year old, it is speculative whether defendant did, or did not, acquire resources that could be devoted to the payment of attorney fees. The "preferred solution" of remand gives the trial court an opportunity to give proper notice, hold a hearing, resolve the uncertainty, and render an informed decision, including any required findings, such as unusual circumstances. (*Flores, supra*, 30 Cal.4th at pp. 1068-1069; § 987.8, subd. (g)(2)(B).)

## DISPOSITION

The judgment of conviction is affirmed. The order for payment of attorney fees is reversed and the matter is remanded for further proceedings consistent with this opinion.

       NICHOLSON       , Acting P. J.

We concur:

       HULL       , J.

       RENNER       , J.