Filed 7/17/15  P. v. Franco CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061412 |
| v. | (Super.Ct.No. FVA1400082) |
| IVAN GARCIA FRANCO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gerard S. Brown, Judge.  Affirmed with directions.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Randall D. Einhorn and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

On May 7, 2014, a jury found defendant and appellant Ivan Garcia Franco guilty of first degree burglary under Penal Code section 459[1] (count 1); making criminal threats under section 422 (count 2); assault with a deadly weapon under section 245, subdivision (a)(1) (count 3); felony spousal battery under section 243, subdivision (e)(1) (count 4); violating a domestic restraining order under section 273.6, subdivision (a) (count 5); and misdemeanor infliction of mental suffering to a child under section 273a, subdivision (b) (counts 6 and 7). They jury also found true the special allegation that another person was present during the burglary under section 667.5, subdivision (c).

On June 6, 2014, the court sentenced defendant to state prison for the aggregate term of six years for his burglary conviction (count 1); imposed and stayed sentences for counts 2, 3 and 4 under section 654; and imposed concurrent sentences for counts 5, 6 and 7. Moreover, the court ordered defendant to pay $750 for defense costs, and $505 for the preparation of the probation officer's report.

On June 24, 2014, defendant filed a timely notice of appeal. On appeal, defendant contends that the trial court erred in awarding attorney fees and a probation investigation cost assessment. For the reasons set forth below, we shall remand the case to the trial court to determine defendant's ability to pay the fees and assessment.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

## II

## STATEMENT OF FACTS

On January 12, 2014, defendant and the victim were married, but legally separated. Therefore, the victim and the couple's four children, ranging in ages from 19 years old to five years old, lived in Fontana, apart from defendant.

In August 2013, the victim obtained a restraining order that directed defendant to stay away from the victim and the couple's children, and from certain places including the couple's Fontana home. The victim was given full custody of the couple's children.

About 5:30 a.m. on January 12, 2014, the victim was awakened by defendant standing next to her bed in the Fontana home. He signaled her to be quiet. He then grabbed her face with his left hand and said that he would kill her. He was holding a kitchen knife in his right hand.

While defendant was distracted by his young children in the bedroom, the victim called 911 and told the operator that defendant was in her home with a knife. When defendant moved as if to strike her with the knife, she grabbed his arm and struggled with him to keep the knife away from her. Defendant eventually dropped the knife after the couple's daughter entered the room and began to argue with him. Defendant was still in the victim's bedroom when police arrived. As a result of the struggle with defendant, the victim had several cuts on her fingers. Defendant was arrested.

III

ANALYSIS

Defendant argues that the trial court erred in ordering him to pay $750 in defense costs and $505 for the probation officer's investigation and report.

A. *Background*

At sentencing, the trial court ordered defendant to pay $750 in appointed counsel fees and $505 to compensate the probation officer for the costs of investigation and preparation of the presentence report. The court did not indicate the authority for the order and did not make a factual inquiry into defendant's ability to pay. Defendant did not object to the trial court's order.

B. *Probation Investigation Costs*

Defendant contends that the trial court erred in assessing a $505 fee to reimburse the probation department for its investigation costs under section 1203.1b. Defendant specifically contends that the court failed to find whether he had the ability to pay the fee. The People contend that defendant has forfeited his claim by failing to object to the trial court's imposition of the probation investigation fee. We agree.

Section 1203.1b sets forth a process that trial courts must follow before it may impose a fee for probation investigation costs. First, the court must order the defendant to report to the probation officer, who will then determine the defendant's ability to pay. (§1203.1b, subd. (a).) After the probation officer determines the amount the defendant can pay, the probation officer must inform the defendant that he or she is entitled to a hearing, during which the court will determine the defendant's ability to pay and the

4

payment amount. (*Ibid*.) Section 1203.1b entitles the defendant to representation by counsel during this hearing. A defendant may waive his or her right to a hearing, but he or she must do so knowingly and intelligently. (*Ibid*.) If the defendant fails to waive his or her right to the hearing, the probation officer must refer the matter back to the trial court, and the trial court will determine the defendant's ability to pay. (§1203.1b, subd. (b).)

In a recent opinion, the California Supreme Court stated as follows: "Notwithstanding the statute's procedural requirements, we believe to place the burden on the defendant to assert noncompliance with section 1203.1b in the trial court as a prerequisite to challenging the imposition of probation costs on appeal is appropriate." (*People v. Trujillo* (2015) 60 Cal.4th 850, 858.) The court went on to state: "Our reasoning in *Scott* [*People v. Scott* (1994) 9 Cal.4th 331] applies by analogy here. 'Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention.' (*Scott*, *supra*, 9 Cal.4th at p. 353.) In the context of section 1203.1b, a defendant's making or failing to make a knowing and intelligent waiver occurs before the probation officer, off the record and outside the sentencing court's presence. Although the statute contemplates that when the defendant fails to waive a court hearing, the probation officer will refer the question of the defendant's ability to pay probation costs to the court, the defendant—or his or her counsel—is in a better position than the trial court to know whether the defendant is in

5

fact invoking the right to a court hearing.  In *Scott* the existence, per se, of procedural safeguards in the sentencing process, such as the right to counsel and to present evidence and argument, did not prevent us from holding the forfeiture rule should apply with respect to the trial court's discretionary sentencing choices.  The same conclusion follows with respect to the imposition of the fees challenged here."  (*Ibid*., fn. omitted.)

In reaching its conclusion, the Supreme Court noted that important constitutional rights are not at stake in this case.  "Thus, unlike cases in which either statute or case law requires an affirmative showing on the record of the knowing and intelligent nature of a waiver, in this context defendant's counsel is in the best position to determine whether defendant has knowingly and intelligently waived the right to a court hearing.  It follows that an appellate court is not well positioned to review this question in the first instance."  (*People v. Trujillo*, *supra*, 60 Cal.4th at p. 860.)

The Supreme Court, however, noted that defendant raising this issue is not wholly without recourse.  The court set forth numerous methods by which a defendant can have this issue addressed by the probation department or sentencing court.  (See *People v. Trujillo*, *supra*, 60 Cal.4th at pp. 860-861.)

Therefore, based on the recently published decision by the Supreme Court, we hold that defendant has forfeited his claim to challenge the trial court's imposition of probation investigation costs.  (*People v. Trujillo*, *supra*, 60 Cal.4th 850.)

6

C. *Ineffective assistance of counsel*

In the alternative, defendant argues his trial counsel was ineffective for failing to object to the probation supervision fee at sentencing. "To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. [Citations.] Counsel's performance was deficient if the representation fell below an objective standard of reasonableness under prevailing professional norms." (*People v. Benavides* (2005) 35 Cal.4th 69, 92-93, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694.) However, "'[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' the claim on appeal must be rejected." (*People v. Wilson* (1992) 3 Cal.4th 926, 936.)

In this case, we agree with defendant that his counsel's performance was deficient. Prior to the sentencing hearing, the probation officer submitted his report to the court with sentencing recommendations. Included in the report was defendant's self-report that prior to his arrest in this case, he was employed as a warehouse worker for 18 months making $10 per hour. Defendant also indicated that he had no assets and had credit card debt. In the report, the probation officer recommended that the court impose $750 for appointed counsel, $505 for reimbursement of investigation costs, and $7,200 for restitution. This probation report was filed in the lower court on May 29, 2014, eight days before defendant's sentencing hearing.

7

At the sentencing hearing, the trial court rejected the probation officer's recommendation that defendant be ordered to pay $7,200 as a restitution fine. Instead, the court reduced that restitution fine to $1,200. However, despite defendant's minimal earnings and the fact he had no assets, and he had credit card debt, there is nothing in the record showing that defense counsel argued or urged the court that defendant did not have the ability to pay the recommended attorney fees and investigation costs. Therefore, in addition to the $1,200 restitution fine, the trial court imposed defendant's sentence, including the order that defendant pay $750 for appointed counsel fees and $505 for investigation costs. No defense objection or later discussion was made pertaining to those fees and costs orders. Based on these facts, we find that defense counsel's performance was deficient for failing to raise defendant's inability to pay.

The People, however, argue that defense counsel's performance was not deficient because counsel must have raised defendant's ability to pay the fee during the in-chambers discussion prior to the hearing. The record, however, does not support the People's contention. Moreover, as defendant points out, if "the fines and fees were discussed [as the People contend,] it must also [be] conclude[d] that [defendant] has not forfeited his right to raise the disputed costs on appeal." We, therefore, reject the People's argument.

As to the second prong of defendant's IAC claim, we find defense counsel's failure to object to the imposition of the fees to be prejudicial since an objection would have yielded a hearing on defendant's ability or inability to pay the fines. Based on the

probation officer's report, it seems likely that defendant would not have the ability to pay the fines and fees imposed.

Based on defense counsel's ineffective assistance of counsel, we hereby remand this case to the trial court to conduct a hearing on defendant's ability to pay the probation investigation costs.

D. *Attorney Fees*

Defendant also contends that the trial court erred in assessing $750 to pay for the cost of his appointed counsel. Defendant specifically complains that the court failed to provide him an ability to pay hearing, and there is no substantial evidence to justify this award.

The People again argue that defendant has forfeited his challenge to the attorney fees because he failed to object when the court imposed that fee. However, despite defendant's failure to object, courts are reluctant to find forfeiture in light of the unusual nature of attorney fee awards in criminal cases and because the Legislature extensively protects defendants with procedural minimum that trial courts must follow before imposing such fees. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1397, overruled in part on another ground found in *People v. McCullough* (2013) 56 Cal.4th 589, 598-599; *People v. Viray* (2005) 134 Cal.App.4th 1186, 1214-1216.) Also, it may be inequitable to find forfeiture based on an attorney's failure to object to his own fees; the conflict of interests between the attorney's and his or her client's pecuniary interests militates against a finding of forfeiture. (*Viray*, *supra*, at pp. 1215-1216.)

In a companion case to *People v. Trujillo*, *supra*, 60 Cal.App.4th 850, the California Supreme Court in *People v. Aguilar* (2015) 60 Cal.4th 862, addressed this issue. In *Aguilar*, the Supreme Court found it appropriate to apply the forfeiture rule in challenges to the award of attorney fees under section 987.8. (*Aguilar*, at pp. 867-868.) The court, however, pointed out that its opinion did not apply to appointed counsel, as in this case: "This case does not present, and we therefore do not address, the question whether a challenge to an order for payment of the cost of the services of appointed counsel is forfeited when the failure to raise the challenge at sentencing may be attributable to a conflict of interest on trial counsel's part. (See, e.g., *People v. Viray* (2005) 134 Cal.App.4th 1186, 1216-1217.)" (*Id.* at p. 868, fn. 4.)

Section 987.8, subdivision (b), entitled defendant to a noticed hearing to determine his "present ability" to pay the attorney fees. (§ 987.8, subd. (b); *People v. Prescott* (2013) 213 Cal.App.4th 1473, 1476.) Although the presentence probation report put defendant on notice that the probation department recommended an attorney fee award, it does not appear that he received notice that the court would conduct a hearing to determine his ability to pay the fee. Moreover, the trial court did not either expressly or impliedly find whether defendant had the ability to pay.

Ordinarily, the appropriate remedy would be to remand the matter to the trial court to hold a hearing on defendant's ability to pay. (*People v. Prescott*, *supra*, 213 Cal.App.4th at p. 1476.) Therefore, because this case is already being remanded for the trial court to hold a hearing regarding defendant's ability to pay the probation

10

investigation costs, we hereby remand this matter for a hearing on defendant's ability to pay the attorney fees.

IV

DISPOSITION

The case is remanded to the trial court to hold a hearing on defendant's ability to pay the probation investigation costs and attorney fees.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER_____
J.

We concur:


RAMIREZ_____
P. J.


MILLER_____
J.

11