Filed 12/21/15  P. v. Hansen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>KEITH EDWARD HANSEN,<br><br>      Defendant and Appellant. | C078397<br><br>(Super. Ct. No. CM042061,<br>CM041238) |

Defendant Keith Edward Hansen pleaded no contest to theft from an elder or dependent adult in an amount exceeding $950 (Pen. Code, § 368, subd. (d))[1] in Butte County Superior Court case No. CM041238.  In Butte County Superior Court case No. CM042061, defendant pleaded no contest to a charge of failure to appear.  (§ 1320, subd. (b).)  The trial court sentenced defendant to an aggregate term of four years eight

_____

[1] Undesignated statutory references are to the Penal Code.

1

months in county jail. The court also awarded him 101 days of custody credit and imposed numerous fines and fees, including a $420 fee for the service of the public defender. Defendant timely appealed.

Defendant now contends the trial court failed to make an express finding that he had the ability to pay the public defender fees, and there is insufficient evidence in the record to support an implied finding that he has the ability to pay those fees. We agree, and the $420 attorney fee order is reversed and remanded.

## I. DISCUSSION

We dispense with a recitation of the facts of this case, as they are not relevant to our determination of the issues on appeal. Briefly, the trial court sentenced defendant to four years eight months in county jail. At sentencing, the court ordered defendant to pay $420 in attorney fees, without discussion. No mention was made of defendant's ability to pay. Defendant did not object to the fee at sentencing. The People do not dispute these facts.

Penal Code section 987.8 permits a court to order a defendant to pay the cost of court-appointed counsel after a hearing to determine if defendant has the ability to pay. "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, . . . the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof." (§ 987.8, subd. (b).) In determining this ability to pay, the court may consider both defendant's present financial position and the defendant's reasonably discernible future financial position, limited to six months in the future. (§ 987.8, subd. (g)(2)(B).) Before making such a determination, however, the court is required to give defendant notice and a hearing on the issue. (§ 987.8, subd. (b).)

The People argue that defendant has forfeited the claim of insufficient evidence of the ability to pay by failing to object in the trial court. Defendant contends no objection

2

is required to preserve the issue for appeal, citing *People v. Viray* (2005) 134 Cal.App.4th 1186 (*Viray*). In *Viray*, the appellate court held that a forfeiture to an appellate challenge to an attorney fee reimbursement order cannot "properly be predicated on the failure of a trial attorney to challenge an order concerning his own fees," given the "patent conflict of interest." (*Id.* at p. 1215, italics omitted.)

The People, in turn, rely on *People v. Aguilar* (2015) 60 Cal.4th 862, in which our Supreme Court held the forfeiture rule applied where defendant failed to object to the amount of counsel fees or to assert the inability to pay in the trial court. In *Aguilar*, however, our Supreme Court noted the case did not present, "and we therefore do not address, the question whether a challenge to an order for payment of the cost of the services of appointed counsel is forfeited when the failure to raise the challenge at sentencing may be attributable to a conflict of interest on trial counsel's part." (*Id.* at p. 868, fn. 4.) Here, defendant *does* raise the possibility that the failure to object was due to a conflict of interest.

We agree with *Viray* and reach the merits of defendant's claim. We review for substantial evidence. (*Viray, supra*, 134 Cal.App.4th at p. 1217.) There is no evidence in the record that defendant was given notice that his ability to pay attorney fees would be determined at sentencing. Defendant was told prior to the appointment of counsel that he might be liable for attorney fees after judgment was rendered; this, however, is not sufficient notice under section 987.8, subdivision (b). Even the probation report failed to provide sufficient notice, making no mention of attorney fees.

Furthermore, the record includes little evidence regarding defendant's ability to pay his attorney fees. The probation report indicates that defendant has "marketable job skills" but was unemployed at the time of his arrest. The report also indicates defendant had $18,500 in assets but also had $36,000 in debts. And, the court ordered defendant to pay numerous fines and fees in addition to the attorney fees order. Thus, we cannot infer from the record that defendant had the ability to pay his attorney fees.

3

When a trial court fails to make a necessary finding, the preferred solution is to remand the case for a new hearing on the matter.  (*People v. Prescott* (2013) 213 Cal.App.4th 1473, 1476.)

## II.  DISPOSITION

The $420 attorney fee order is reversed and remanded.  The trial court is directed to amend the abstract of judgment accordingly and deliver a copy to the county authority overseeing the operation of the county jail.  In its discretion, the trial court may hold a noticed hearing pursuant to Penal Code section 987.8 if the court chooses to consider re-imposing the $420 fee.  In all other respects, the judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

RAYE, P. J.

/S/

_____

ROBIE, J.

4