Filed 2/5/16  P. v. Garrett CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KEITH NATHANIEL GARRETT,<br><br>Defendant and Appellant. | B262392<br><br>(Los Angeles County<br>Super. Ct. No. MA062133) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Keith Garrett pleaded no contest to two drug possession crimes. The trial court ordered defendant's sentence suspended and placed him on probation. After multiple probation violations, the trial court sentenced defendant to county jail and ordered him to pay various fines, $417 in attorney fees and $1,000 in restitution. Defendant appeals the exaction. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In an information filed April 16, 2014, defendant was charged with felony violations of Health & Safety Code sections 11378 (count 1, possession of a controlled substance for sale – methamphetamine); 11379, subdivision (a) (count 2, sale/offer to sell a controlled substance – methamphetamine); 11377, subdivision (a) (count 3, unauthorized possession of a controlled substance – methamphetamine); and 11350, subdivision (a) (count 4, possession of a controlled substance – cocaine base). The information further alleged that defendant had a prior conviction for robbery under Penal Code section 211, which is a serious or violent felony under Penal Code section 667.

Defendant eventually pleaded no contest to counts 3 and 4; counts 1 and 2 were dismissed. On June 10, 2014, the court sentenced defendant to three years, eight months in prison, and suspended the sentence. The court placed defendant on probation for five years with a number of conditions, including requirements that defendant complete 100 days of community service and participate in a drug treatment program. The court also imposed various fees, including a court operations assessment, a criminal conviction assessment, and a drug program fee. The court also imposed restitution fines, but ordered the fines stayed unless probation was revoked. Defendant's probation report later showed that he complied with a payment plan, contributing $15 per month toward the imposed fees.

On February 4, 2015, defendant filed a petition for resentencing under Penal Code section 1170.18[1]; the District Attorney did not oppose the petition. The same day,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

defendant returned to court following numerous probation violations. The court noted that defendant had never had a clean drug test while in the drug treatment program. The court granted defendant's petition pursuant to section 1170.18, and reduced both convictions to misdemeanors. The parties agreed to set a formal probation violation hearing for March 2, 2015.

Defendant and his counsel appeared at the hearing on March 2. The court took defendant's probation report into evidence and found that defendant violated his probation at least nine times, including his numerous positive drug tests, failure to complete drug treatment, and failure to complete community service. The court sentenced defendant to 365 days in county jail on counts 3 and 4 to run consecutively, with 342 days credit.

The court also ordered defendant to pay several fines and fees, including $417 in attorney fees and a $1,000 victim restitution fine. Defendant told the court he was concerned about paying the fines because he was disabled and did not work. The court confirmed that defendant received disability benefits, and therefore found that defendant was able to pay the fees and fines. Defendant timely appealed.

## DISCUSSION

Defendant presents two arguments on appeal. First, he argues that the trial court's order that defendant had the ability to pay $417 in attorney fees was not supported by substantial evidence. Second, he argues the court abused its discretion by imposing a restitution fine of $1,000. We will address these arguments in turn.

### A. Attorney fees

Section 987.8 "empowers the court to order a defendant who has received legal assistance at public expense to reimburse some or all of the county's costs." (*People v. Viray* (2005) 134 Cal.App.4th 1186, 1213.) Subdivision (b) states in part, "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, or upon the withdrawal of the public defender or appointed private counsel, the court may, after notice and a hearing, make a determination of the present

3

ability of the defendant to pay all or a portion of the cost thereof." (§ 987.8, subd. (b).) "'Ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her." (*Id*., subd. (g)(2).) In determining a defendant's ability to pay, a court should consider the defendant's current financial position, the defendant's future financial position limited to no more than six months from the date of the hearing, the likelihood that the defendant will be able to obtain employment within six months of the hearing, and "[a]ny other factor or factors which may bear upon the defendant's financial capability to reimburse the county for the costs of the legal assistance provided to the defendant." (*Id*., subds. (g)(2)(A)-(D).) In determining a defendant's future financial position, "a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense." (*Id*., subd. (g)(2)(B).)

Because defendant did not object to the imposition of attorney fees or ask the trial court to consider evidence regarding his ability to pay, respondent argues that defendant has forfeited any challenge to the imposition of the fee. We agree. When a defendant has an opportunity to object to the imposition of fees but fails to do so, any such argument is forfeited. (*People v. Aguilar* (2015) 60 Cal.4th 862, 867 (*Aguilar*).) Here, all parties had notice of the formal probation revocation proceeding. At the hearing, defendant did not object to the procedure employed by the court, he did not ask to present any evidence about his ability to pay, and he did not object to the amount of the fee. Defendant had the burden to assert that the trial court failed to comply with section 987.8, and lack of any objection forfeits a challenge on appeal. (*People v. Trujillo* (2015) 60 Cal.4th 850, 858 (*Trujillo*); *Aguilar*, *supra*, 60 Cal.4th at p. 866.) In his reply brief, defendant concedes that the forfeiture analysis in *Aguilar* controls.

Even if we were to consider the merits of defendant's argument, he has not demonstrated that reversal is warranted. Defendant argues that because he was sentenced to more than six months in jail, the trial court necessarily considered defendant's future financial situation more than six months from the date of the hearing in violation of section 987.8, subdivision (g)(2). Respondent points out that the trial court specifically

4

considered defendant's receipt of disability benefits. Respondent argues that while a defendant convicted of a *felony* may not be eligible for disability benefits, the same is not true for those, like defendant, who have been convicted of misdemeanors. (See 20 C.F.R. § 404.468.) Defendant does not dispute this. The probation report, which the court reviewed and considered, showed that defendant was able to comply with a payment plan for court fines and fees while he was on probation and receiving disability benefits. Defendant presented no evidence to indicate that the same would not hold true for the immediate future. "Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) Here, defendant has provided no indication that the evidence before the trial court was insufficient to support its ruling.

Defendant argues that because he was sentenced to more than six months in jail, the court violated section 987.8, subdivision (g)(2)(B): "Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense." This argument was rejected in *People v. Prescott* (2013) 213 Cal.App.4th 1473, 1477: "The plain language [of section 987.8, subdivision (g)(2)(B)] is clear. The presumption applies only to a defendant sentenced to state prison, not to defendants sentenced to county jail." Here defendant was sentenced to jail, not prison, and the presumption in section 987.8, subdivision (g)(2)(B) does not apply.

Defendant argues for the first time in his reply that the court failed to provide sufficient notice and hearing before imposing the attorney fees. He argues, with no citation to any legal authority, that "[f]ailure to give appellant a noticed hearing is clearly a denial of due process." This argument has also been forfeited. "It is axiomatic that arguments made for the first time in a reply brief will not be entertained." (*People v. Tully* (2012) 54 Cal.4th 952, 1075.) Moreover, *Trujillo* noted that "[k]nowing and intelligent waivers are generally required when a criminal defendant gives up 'any significant right,'" but that no "core autonomy interests or constitutional rights are

5

implicated by the waiver of a judicial hearing on a defendant's ability to pay, and no similar waiver is required for any of the analogous sentencing fines and fees." (*Trujillo*, *supra*, 60 Cal.4th at p. 859.) In addition, the record makes clear that defendant had notice of the hearing, and he offers no record citations that indicate notice was lacking. Defendant has not demonstrated that his due process rights were violated.

### B. Restitution fine

With respect to the restitution fine, defendant argues that the trial court abused its discretion by applying the maximum fine of $1,000. "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Section 1202.4, subdivision (b) states, " In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) "If the person is convicted of a misdemeanor, the fine shall not be less than . . . one hundred fifty dollars ($150) . . . and not more than one thousand dollars ($1,000)." (*Id.*, subd. (b)(1).) If the court chooses to set the fine above the minimum, "the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime." (*Id.*, subd. (d).)

Defendant argues that "the court didn't consider any of the relevant factors" set forth in section 1202.4, and since defendant receives disability benefits, "surely he does not have the ability to pay the $1000 maximum fine imposed by the court." Appellant's argument is contradicted by *People v. Gamache* (2010) 48 Cal.4th 347, which is directly on point. There, a defendant asserted that the trial court failed to adequately consider his ability to pay when imposing a restitution fine. The Supreme Court rejected the argument for two reasons. First, it held that "Gamache forfeited this claim by failing to object at his sentencing hearing." (*Id.* at p. 409.) Here, appellant also failed to object

6

below, and his argument is forfeited.  Second, the Supreme Court held in *Gamache* that a trial court's failure to expressly consider the ability to pay does not constitute error: "[A]s the trial court was not obligated to make express findings concerning [the defendant's] ability to pay, the absence of any findings does not demonstrate it failed to consider this factor.  Thus, we cannot say on this record that the trial court abused its discretion." (*Ibid.*)  Here, the court was also not required to make express findings with respect to defendant's ability to pay.  Even so, the court did consider defendant's disability benefits when determining whether to impose fines.  Defendant has therefore failed to demonstrate that the trial court abused its discretion.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


EPSTEIN, P. J.


MANELLA, J.

7